UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

OCT 3 1 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-654-GWU

JESSICA REYNOLDS,                                      PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                       DEFENDANT.

## INTRODUCTION

The plaintiff, Jessica Reynolds, appeals from the negative administrative

decision on her own applications for Child's Disability Insurance Benefits (CIB) and

Supplemental Security Income (SSI). The case is before the Court on cross-

motions for summary judgment.

## CHILD'S DISABILITY INSURANCE

An individual who becomes disabled as defined by 42 U.S.C. Section 423(d)

before attaining the age of twenty-two, who is the dependent child of a person

entitled to old age or disability insurance benefits or fully insured at the time of

his/her death, and who is unmarried at the time of application, is entitled to CIB. 42

U.S.C. Section 402(d)(1).[1]

CIB benefits employ the same disability standards as are used to determine

disability in adults. 42 U.S.C. Section 423(d).

---

[1]These factors are not at issue in the present case.

Reynolds

## ADULT'S SUPPLEMENTAL SECURITY INCOME

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 CFR 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 CFR 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 CFR 404.1520(c), 404,1521, 416.920(c), 461.921.

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 CFR 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 CFR 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 CFR 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work

Reynolds

> experience, do other work--i.e., any other substantial gainful
> activity which exists in the national economy? If yes, the
> claimant is not disabled. See 20 CFR 404.1505(a),
> 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent

to the judicial review of administrative agency action apply. Review of the

Commissioner's decision is limited in scope to determining whether the findings of

fact made are supported by substantial evidence. Jones v. Secretary of Health and

Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into

account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at

387.

One of the detracting factors in the administrative decision may be the fact

that the Commissioner has improperly failed to accord greater weight to a treating

physician than to a doctor to whom the plaintiff was sent for the purpose of

gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654,

656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion

is based on objective medical findings. Cf. Houston v. Secretary of Health and

Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968,

973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on

3

Reynolds

the trier of fact only if they are not contradicted by substantial evidence to the contrary. <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 CFR Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

<u>Duncan v. Secretary of Health and Human Services</u>, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. <u>Harris v. Secretary of Health and Human Services</u>, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations.

Reynolds

Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 CFR 416.965(a) and 20 CFR 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then

Reynolds

an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 CFR Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 CFR 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 CFR 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan,

Reynolds

905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the

Commissioner may still use the rules as a framework for decision-making, 20 CFR

Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term

"framework" in the text of the decision is insufficient, if a fair reading of the record

reveals that the agency relied entirely on the grid. <u>Ibid</u>. In such cases, the agency

may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d

279, 282 (6th Cir. 1985). Even then, substantial evidence to support the

Commissioner's decision may be produced through reliance on this expert testimony

only if the hypothetical question given to the expert accurately portrays the plaintiff's

physical and mental impairments. <u>Varley v. Secretary of Health and Human</u>

<u>Services,</u>

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Reynolds, a 21 year-old

woman with a high school education and no past relevant work history, suffered from

impairments related to relapsing/remitting multiple sclerosis, obesity, osteopenia of

the lumbar spine, osteoporosis of the left hip, lumbar strain with chronic low back

pain and an adjustment disorder with depressed mood. (Tr. 19). Despite the

plaintiff's impairments, the ALJ determined that she retained the residual functional

capacity to perform a restricted range of light level work. (Tr. 26-27). Since the

available work was found to constitute a significant number of jobs in the national

economy, the claimant could not be considered totally disabled. (Tr. 27). The ALJ

Reynolds

based this decision, in large part, upon the testimony of a vocational expert. (Tr. 25-26).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of Social Security benefits. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

Reynolds asserts that the ALJ erred in rejecting the opinion of Dr. Alexander Tikhtman, her treating physician. In July of 2004, Dr. Tikhtman opined that the plaintiff was disabled from all work. (Tr. 299). The ALJ rejected this opinion because it was conclusory opinion reserved to the Commissioner. (Tr. 23). However, this opinion at least suggests the existence of more severe functional limitations than those found by the ALJ. The doctor made reference to several factors supporting his opinion, including a March, 2004 bone density test (Tr. 318-321) which revealed osteoporosis in the left hip and osteopenia in the lumbar spine. Weakness and loss of concentration were noted to be side-effects of the medication required to control her condition. (Tr. 298). Treatment records from the physician document complaints of fatigue in July of 2004. (Tr. 302-303).

Furthermore, Dr. Joseph Berger, an examining source, while not identifying specific physical restrictions, did note that an MRI Scan of Reynolds' brain revealed

8

extensive evidence of demyelination and doctor opined that drug therapy would be insufficient to control her condition due to the aggressive nature of the disease. (Tr. 199). This opinion also suggests the existence of more severe restrictions than those found by the ALJ.

Dr. David Swan (Tr. 130) and Dr. James Ross (Tr. 208-209), the non-examining medical reviewers, each opined that Reynolds' physical problems were "less than severe." An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). Dr. Swan reviewed the record in April of 2003 and, so, did not have an opportunity to see and comment upon the bulk of the medical record, which was received into evidence after this date. Dr. Ross saw the record somewhat later in September of 2003, but still would not have seen Dr. Tikhtman's July, 2004 opinion or the March, 2004 bone density test which provided objective support to it. Therefore, neither of these opinions is sufficient to offset that of the examining source. The ALJ should at least have sought the advice of a medical advisor who had seen the entire record. Therefore, a remand of the action for further consideration is required.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks

9

Reynolds

a remand of the action for further consideration, and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ____31____ day of October, 2006.


G. WIX UNTHANK
SENIOR JUDGE

10